IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| RICHARD KEITH POE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 0:05-1568-CMC-BM |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| JON OZMINT, DIRECTOR OF | ) | |
| SCDC, JOEL ANDERSON, | ) | |
| WARDEN, SANDRA BARRETT, | ) | |
| ASST. WARDEN, CHARLOTTE | ) | |
| GRECCO, NURSE PARNELL, | ) | |
| AND SAM STRICKLAND, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This action has been filed by the Plaintiff, pro se, alleging violations of his constitutional rights by the named Defendants. On June 23, 2005, Plaintiff filed a motion with the Court for a "Temporary Restraining Order", in which Plaintiff requests an order from this Court enjoining the Defendants from "denying the Plaintiff treatment for his medical needs." Plaintiff's motion should be **denied**, as he has failed to present facts sufficient to warrant such relief.

In order to prevail on a motion for a temporary restraining order or preliminary injunction, Plaintiff must show: 1) that he will suffer irreparable harm if the motion is not granted; and 2) that he has a reasonable likelihood of success on the merits of his claim. Rule 65(a) and (b), Fed.R.Civ.P. Both a preliminary injunction and a temporary restraining order are extraordinary remedies which will not be granted unless there is a clear showing of both probable success and irreparable injury. Murphy v. Society of Real Estate Appraisers, 388 F.Supp. 1046, 1049 (E.D.Wis.



1

1979); see also White v. Illinois Cent. R.Co., 349 U.S. 366 (1955).

In considering such a motion, the Court should balance the following four factors; 1) the likelihood of irreparable harm to the Plaintiff if the injunction is not granted; 2) the likelihood of harm to the Defendants if the injunction is granted; 3) the likelihood that the Plaintiff will succeed on the merits; and 4) the public interest. Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Manufacturing Co., Inc., 550 F.2d 189, 195-196 (4th Cir. 1977); Hughes Network Systems v. InterDigital Com. Corp., 17 F.3d 691, 693 (4th Cir. 1994). The balancing of the relative hardships (factors one and two) is the most important determination, and how strong a showing the Plaintiff must make with regard to a likelihood of success on the merits depends on to what degree the likelihood of irreparable harm balances in his favor. Id. (citing Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 359 (4th Cir. 1991)).

Plaintiff claims that he has Hepatitis C, and that the Defendants are denying him effective treatment. However, Plaintiff has himself submitted exhibits showing that his medical condition is being followed by prison officials, and in response to Plaintiff's motion, the Defendants have submitted an affidavit from the Medical Review Coordinator for the SCDC, who attests that Plaintiff's medical records show that Plaintiff does not meet established criteria for implementation of anti-Hepatitis C medication (Interferon/Ribavirin). See Phillips Affidavit. Based on the material before the Court, Plaintiff has failed to show a sufficient likelihood that he will succeed on the merits of his claim to entitle him to the extraordinary remedy of the granting of a temporary restraining order or preliminary injunction, nor has he met this standard in showing a likelihood of irreparable harm because of the actions of the Defendants.

Therefore, as the Plaintiff has failed to meet the standard for issuance of a preliminary



injunction or temporary restraining order, it is recommended that his motion be **denied**.[1]  The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

August   1,    2005

---

[1] A Report and Recommendation is required on this motion pursuant to 28 U.S.C. § 636(b)(1)(A).

3

**Notice of Right to File Objections to Magistrate Judge's Report and Recommendation**
**&**
**The Serious Consequences of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed.  Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992).  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections.  Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.  Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991).  See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  * * *  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  * * *  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.  * * *  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").  This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.  See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

4
