IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Richard Keith Poe, ) | C/A NO. 0:05-1568-CMC-BM |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Jon Ozmint, Director of SCDC; Joel Anderson, ) | |
| Warden; Sandra Barrett, Asst. Warden; ) | |
| Charlotte Grecco; Nurse Parnell; and ) | |
| Sam Strickland, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court on Plaintiff's *pro se* complaint filed pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to his medical needs in violation of his constitutional rights.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation. On November 13, 2006, the Magistrate Judge issued a Report recommending that Defendants' motion for summary judgment be granted. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Plaintiff filed Objections to the Report on November 22, 2006.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the

recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's Objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

While the medical care received by the prisoner must be adequate, a prisoner is not entitled to receive treatment by every medical alternative. *See generally Estelle v. Gamble*, 429 U.S. 97, 106-07 (1976). A difference of opinion between a prisoner and his doctors regarding medical treatment does not rise to the level of a constitutional violation. According to the records submitted by both Defendants and Plaintiff, it appears that Plaintiff has repeatedly been seen by medical personnel, and that he is not considered to be a candidate for the treatment he seeks. Plaintiff's complaint boils down to a disagreement over medical judgments or, at worst, negligence, but not a constitutional violation. Generally, "[w]here the dispute concerns not the absence of help, but the choice of a certain course of treatment . . . [a court] will not second guess the doctors." *Sires v. Berman,* 834 F.2d 9, 13 (1st Cir.1987) (citations omitted).

Defendants' motion for summary judgment is **granted** and this case dismissed with prejudice.

**IT IS SO ORDERED.**

                                              s/ Cameron McGowan Currie
                                              CAMERON McGOWAN CURRIE
                                              UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
December 4, 2006

C:\Documents and Settings\arh47\Local Settings\Temp\notes6030C8\~2278899.wpd